■ DANIEL LEVY, Doing Business as BAY SHORE FEED CO., Appellant, v. LOUISE SALERNO et al., Respondents.— In a creditor's action under article 7 of the Decedent Estate Law, the appeal is from a judgment dismissing the complaint on the merits after trial. Judgment unanimously affirmed, with costs. The proof in this case establishes (a) that decedent, three months before his death, made a will bequeathing certain shares of stock and a diamond ring to respondents, his wife and daughter; (b) that several weeks thereafter, he "transferred" said stock to respondents and gave "a certain diamond ring" to his daughter; (c) that decedent died insolvent about two and a half months after making these transfers inter vivos, and (d) that decedent owed appellant $6,513.74 at the time he executed the will and at the time of his death, and that appellant received only $1,122.97 as his prorata share of decedent's insolvent estate. We do not believe that, from the facts established, we can presume that the "transfer" of the stock and the gift of "a certain diamond ring" constituted advancements upon the legacies. In any event, we do not believe that section 170 of the Decedent Estate Law applies to property transferred

*inter vivos,* even if given as an advancement upon a legacy. Article 10 of the Debtor and Creditor Law and article 7 of the Decedent Estate Law together comprise a comprehensive pattern of relief against the transfer of a debtor's assets to others than his creditors. Article 10 of the Debtor and Creditor Law applies to such transfers made before the debtor's death; article 7 of the Decedent Estate Law applies to such transfers made after the debtor's death. If a transfer *inter vivos* was made by a solvent debtor, and was valid when made, it could not be attacked under the Debtor and Creditor Law. Nor would it be subject to attack under the Decedent Estate Law merely because subsequent events made the debtor insolvent at the time of his death. Present— Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [207 Misc. 452.]